Booth, Judge,
delivered the opinion of the court:
This is a Dent Act case. Plaintiff rests a contention for a ■-contractual liability upon two letters passed between the *720 parties on August 7, 1918, and August 15, 1918. The Board of Contract Adjustment declined to find a contract upon this evidence, and it is difficult to perceive wherein the board was in error. Plaintiff was engaged during 1918 under certain contracts in furnishing to the Bureau of Aircraft Production certain specified quantities of propeller walnut lumber. While so engaged the bureau, by the letter of' August 7, 1918, advised a method of sawing walnut logs whereby the propeller lumber could be advantageously sawed from the logs in a certain way and the remaining portion of the log made available for gunstock fiiehes, therein asking for the plaintiff’s cooperation in this respect, at the same time assuring plaintiff that the Ordnance Department Production Division would find for plaintiff a ready market for the gun-stock flitch lumber at $80 per thousand square feet. On August 15,1918, the plaintiff acceded to the bureau’s request. The claim now made is that by reason of this correspondence the plaintiff was compelled to purchase an abnormal amount of logs to meet the exact requirements of the bureau in this x’espect, and upon the cancellation of its partially performed contract of September 28,1918, the defendant did not furnish a market for its surplus logs at $80 per thousand square feet or purchase them on Government account.
It is manifestly impossible to deduce a contract from the correspondence or the conduct of the parties. The wording of the correspondence, as well as the ordinary and usual meaning of the language used, does, not even remotely suggest contractual relations. The defendant was not purchasing logs for gunstock flitches. The bureau was offering to and did use its good offices in finding a profitable market for the unused portion, of the plaintiff’s logs. When the war ceased the market ceased, and the war prices for walnut timber declined. For this condition of affairs the defendant assumed no liability. No authority to make the contract is shown if it were possible to construe the letters as a contract.
In addition to this, the plaintiff fully performed all contracts with the defendant as to propeller lumber, except formal contract of September 28, 1918, afterwards known as No. 4866. This contract was canceled by formal agree *721 ment on December 28, 1918, following the armistice. The cancellation contract goes into detail, specifies quantities, and fully covers the existing situation of the parties. Article II of this agreement discloses a full and unreserved release and complete settlement of all claims of whatever nature and kind growing out of the contractual relationship of the parties, a final settlement of all differences.
In our opinion, aside from all else that has been said, the plaintiff, by the execution of this instrument in good faith and with full knowledge of the consequences, absolutely precluded itself from asserting this claim. The case is without merit, and the petition will be dismissed. It is so ordered.
Moss, Judge; Gkaham, Judge; Hat, Judge; and Campbell, Chief Justice, concur.